WALTER H. HEUGHES and Another, Respondents, *v.* OLIVER COSTICH Co., INC., and Another, Respondents, Impleaded with EDWIN C. ROWORTH and Others, Constituting the Board of Sewer Commissioners of Sewer District No. 1 of the Town of Pittsford, New York, Appellants.

Fourth Department, November 10, 1933.

*Franklin H. Smith,* for the appellants.

*William MacFarlane,* for the plaintiffs, respondents.

SEARS, P. J. The plaintiffs have brought this action against the defendants sewer commissioners and certain others for injury to their property caused by the negligence of the defendants. The sewer commissioners are not sued as individuals as both the caption and the allegations of the complaint disclose. On this appeal nothing of substance is before us but a question of practice, namely, may an action be brought against sewer commissioners for their negligence occurring in the performance of their public duties. The question is answered in the negative by the reasoning of the court in *People ex rel. Desiderio* v. *Conolly* (238 N. Y. 326). Judge CARDOZO there said in the course of the court's opinion, speaking of a contract obligation: "We find in the statute no suggestion of a purpose that the commissioners, after contracting an obligation, shall be judges of the propriety of their own conduct in refusing to discharge it. In such circumstances, mandamus is the

one remedy available to hold them to their duty. They are not suable at law, for the statute does not make them a quasi-corporation, and does not mean, on the other hand, that they shall be personally liable [*People ex rel. Farley* v. *Winkler*, 203 N. Y. 445]. They are not subject to review on certiorari since their functions are not judicial (*People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44). We have thus an administrative duty to pay, with an absence of the ordinary remedies available to a creditor to whom payment is refused. Mandamus issues in such conditions, to the end that justice may not fail."

The plaintiffs are not helped by section 284 of the Town Law (added by Laws of 1928, chap. 498), as that refers only to contract obligations.

The order appealed from should. be reversed, with ten. dollars costs and disbursements, and the motion. granted, with ten dollars costs.

All concur. Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

Order reversed on the law, with. ten dollars costs and disbursements, and motion granted, with ten dollars costs.