■ MARION C. HYDE, Individually and as Surviving Executrix of CHARLES E. HYDE, Deceased, et al., Respondents, v. INCORPORATED VILLAGE OF BAXTER ESTATES et al., Appellants.— In an action to declare an amendment to a zoning

ordinance unconstitutional and void, insofar as it placed respondents' property in a residence A district, in which the erection of multiple dwellings is prohibited, the appeal is from a judgment in respondents' favor rendered after trial. Judgment unanimously affirmed, with costs. In our opinion, on the record presented, the determination by the Special Term that the ordinance as amended restricted respondents' property to a use for which it is not reasonably adapted, is supported by substantial evidence. (Cf. *Mardine Realty Co.* v. *Village of Dobbs Ferry*, 1 A D 2d 789, affd. 1 N Y 2d 902.) Accordingly, we do not reach the questions whether, as held by the learned Special Term, before property is rezoned there must be proof either that there was some mistake in the original zoning or that the character of the neighborhood had undergone such a substantial change as to warrant reclassification, and whether there was proof of such mistake or change. Neither have we considered appellants' contention that the judgment should be reversed because respondents have not established that they have exhausted their remedies before the Zoning Board of Appeals. (Cf. *Dowsey* v. *Village of Kensington*, 257 N. Y. 221, 229; *Town of Cortlandt* v. *McNally*, 282 App. Div. 1072.) The record does not disclose that respondents' property is uniquely situated, and on argument counsel for appellants conceded that respondents' property was not the only parcel similarly situated and affected by the ordinance. Such being the case, an application for a variance would have been unavailing. (Cf. *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71, 76; see, also, *Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493, 501.) No contention appears to have been made at Special Term that respondents' property is adapted to, or would have any value if limited to, the conditional uses provided by sections 6.0 to 6.7 of the zoning ordinance. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.