HAROLD BEREAN, Respondent, v. TOWN OF LLOYD et al., Defendants, and TOWN BOARD OF THE TOWN OF LLOYD et al., Impleaded Appellants.

Third Department, May 8, 1957.

586

*Andrew Wright Lent* for appellants.

*John J. McCourt* for respondent.

FOSTER, P. J.   This appeal is denominated as one taken by the Town Board of the Town of Lloyd and the members of the Town Board of the Town of Lloyd as the governing body of the Sewer District of the Town of Lloyd, from a part of an order of the Supreme Court, Ulster County Special Term. That part of the order appealed from recites:

"that plaintiff serve supplemental summons and amended complaint in the above entitled action deleting the Sewer District of the Town of Lloyd as a party defendant and designating the Town of Lloyd and the Town Board of the Town of Lloyd as parties defendants "; and

"Let service of a copy of said supplemental summons and amended complaint upon attorney for the defendant within ten days after entry of this order, together with Notice of Entry thereof, be deemed sufficient."

Plaintiff originally sued the Town of Lloyd and the Sewer District thereof for damages alleged to have been sustained by reason of the negligent construction and maintenance of a sewer pipe.   Whereupon the Town Board as commissioners of the Sewer District moved at Special Term for an order dismissing the complaint against the Sewer District on the ground

that the district was not a body corporate and could not be sued as a corporate entity. This relief was granted and the plaintiff does not dispute the correctness of the ruling. However, the Special Term added to its order a direction permitting the plaintiff to bring in the Town Board of Lloyd as a party defendant by means of a supplemental summons and amended complaint against it to be served upon the attorney for the " defendant ", presumably the Town Board. While it does not appear otherwise in the record before us the memorandum decision of the Special Term indicates that the town itself appeared in another motion, directed to the complaint, by the same counsel who represented the Town Board.

On this appeal the contentions of appellants are briefly as follows: (1) that the Special Term had no authority to grant that part of the order which permitted the addition of the Town Board as a party defendant because no application for that relief was before it: (2) that an action cannot be brought against the Town Board because it is not a municipal or quasi-corporation, and for negligence only its individual members are liable: (3) that the Special Term had no power to direct service of a summons and complaint upon an attorney. We take these contentions in the order presented.

We believe that the Special Term had power under sections 192 and 193 of the Civil Practice Act to permit an additional party to be brought in as a defendant if there was fair reason to believe that such a party was conditionally necessary; and the plaintiff in his answering affidavit requested such relief, which amounted in substance to a cross motion. But this procedural matter is of small consequence and entirely transcended by the second and more serious contention of appellant, i.e. whether a town board may be sued as a body for negligence. There is also some doubt whether the appellant Town Board has any standing as an appellant, but we waive that consideration in view of the issues involved.

A town board is the general governing body of the town it represents, and by express statutory authority has all the powers conferred upon the town and such additional powers as shall necessarily be implied therefrom (Town Law, §§ 60, 64). It exercises both legislative and administrative powers, and it cannot and does not exist separately and independently from the town of which it is the governing body. The only way a town can act is through its officials, the same as any other corporation, and the acts of a town board when performed under

statutory authority are the acts of the town. Within this principle a town may act in two capacities: (1) in the discharge of a purely governmental duty, and (2) in proprietary or quasi-private capacity (*Augustine* v. *Town of Brant,* 249 N. Y. 198). We are not concerned with the latter because sewage disposal is clearly a matter of public health, and hence the creation of a sewage district and its maintenance is a governmental function. In the days of sovereign irresponsibility a town was immune from liability in the performance of a governmental function, but that doctrine went by the board when the State waived its sovereign immunity as to tort liability (Court of Claims Act, § 8). Now it may be confidently asserted a town is liable for the negligent acts of its officers when performed within the scope of statutory authority. The query remains however whether a town board acting for a sewer district within the town is also acting for the town so as to render the latter liable in case of negligence.

In the present case the Town Board succeeded to the place of the Board of Water Commissioners of the Sewer District of the Town of Lloyd (Town Law, § 61). The Sewer District was established by the Town Board some time in 1937, so the complaint alleges, and the damage complained of was suffered in 1955. Section 61 of the Town Law, enacted in 1943 (L. 1943, ch. 710) and effective in 1945, by its terms abolished separate boards of commissions in town districts with certain exceptions not pertinent here. It did not abolish such districts, although it gave town boards the power to do so under article 12 of the Town Law. All the powers theretofore exercised by separate boards of commissioners were thereupon vested in and to be exercised by town boards. In reality this was not such a great change for even before the enactment of section 61 town boards had the power to lay out, design, contract for, construct and maintain sewer lines and disposal facilities for the benefit of sewer districts (Town Law, § 198). This section also provided that all contracts for such districts should be executed by a majority of the members of a town board (subd. 11), and further each contract should specify for what district the town board was acting. There is nothing in this section to indicate that a sewer district or its commissioners might be sued at law for tort liability, or elsewhere that we can find, and indeed there is authority to the contrary (*Heughes* v. *Costich Co.,* 239 App. Div. 260; *People ex rel. Desiderio* v. *Conolly,* 238 N. Y. 326). A sewer district is not a quasi-corporation. Moreover it has been held that the commissioners of a town district

(water) are not officers of a town and no action on their part can make a town liable (*Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318). If these cases are followed literally the plaintiff runs into a cul-de-sac no matter how meritorious his claim may be. He cannot sue the sewer district because it is not a quasi-corporation. He cannot sue the town because the liabilities of a sewer district are not the liabilities of the town. He cannot sue the town board because a town board is not a municipal corporation (General Municipal Law, § 2; General Corporation Law, § 3). He is relegated to suing the members of the town board individually, and due to the changing personnel of the board, and the majority character of its actions, this may be an undertaking both impracticable and of dubious merit.

It is difficult to believe that such a vacuum should or does exist. We see no reason why a town should not be liable for the negligence of its officials, acting under statutory authority, in the construction and maintenance of a district sewage system within the town. It may be pointed out that such sewage facilities are not necessarily wholly for the benefit of the inhabitants of the district alone. They inure also to the public at large, and their construction and maintenance is a governmental function.

Two conflicting views on this issue are presented in a somewhat analogous case involving a parking district (*Anderson* v. *Port Washington Public Parking Dist.,* 1 A D 2d 826). The majority there gave as its opinion, although the question was not properly before it, that the town there involved was not liable for the negligence of the members of the town board; but that the members of the Town Board were liable for negligence in the performance of their official obligation for construction and maintenance of a sidewalk. However it also held that the members of the Town Board might levy and assess the cost of any judgment obtained against them against district property. A minority of the court took the position that the acts of the members of the Town Board, enjoined upon them by statute, bound the town, and that the latter was liable notwithstanding that any judgment recovered might be paid by assessment against the property in the parking district.

We think the minority position expressed in the case just cited is sound, although we also are of the opinion that the members of a town board may be individually liable for negligence in the performance of their duties. As we view it the Town Board of the Town of Lloyd is not an entity separate and apart from the town and therefore cannot be sued as a body

in an action at law, although there is apparent authority to the contrary (*Grishaber* v. *Town of Callicoon,* 263 App. Div. 471). On the other hand its acts performed under statutory authority are the acts of the town and under the doctrine of *respondeat superior* the town may be liable. The argument that a town is not liable for district matters is no longer a valid one in view of the fact that its officials are now directly charged with the complete administration of district affairs. Under section 61 of the Town Law the town must assume responsibility for the acts of its town officers in administering the affairs of its districts, and to balance this liability the town may assess any liability against it over against the property in any district. In view of the foregoing it is unnecessary to consider the method of service provided for in the order.

The order, insofar as appealed from, should be reversed, with $10 costs, with leave to the plaintiff to bring in the individual members of the Town Board, as party defendants within 20 days after the entry of an order herein, if he is so advised.

BERGAN, COON and GIBSON, JJ., concur; HALPERN, J., concurs in the result. [See *post,* p. 962.]

Order, insofar as appealed from, reversed, with $10 costs, with leave to the plaintiff to bring in the individual members of the Town Board as party defendants within 20 days after the entry of an order herein, if he is so advised.