■ PEEKSKILL SUBURBS, INC., Appellant, v MURIEL H. MORABITO et al., Constituting the Town Board of the Town of Cortlandt, et al., Respondents. —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Town Board of the Town of Cortlandt which denied petitioner's request for a change of zoning of its property, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated July 24, 1978, which denied the petition. Judgment modified, on the law, by deleting therefrom the provision denying the petition and adding thereto provisions (1) converting the proceeding into an action for a declaratory judgment and (2) declaring that the zoning ordinance, as it applies to petitioner's property, is constitutional. As so modified, judgment affirmed, without costs or disbursements. The proper procedural vehicle by which to attack the constitutionality of a zoning ordinance is a declaratory judgment action and not an article 78 proceeding, and we so convert the proceeding (see CPLR 103, subd [c]). We find that the petitioner has failed to establish that its property will not yield a reasonable return under any of the uses permitted by the zoning ordinance, and therefore has not demonstrated that the ordinance is unconstitutional (see *Megin Realty Corp. v Baron,* 46 NY2d 891; *Romantini v Village of East Hills,* 70 AD2d 934). Mangano, Cohalan and O'Connor, JJ., concur.

Lazer, J. P., dissents in part and concurs in part, with the following memorandum: The petitioner in this case owns certain commercially zoned property in the Town of Cortlandt which it seeks to have rezoned to a broader commercial classification. When its application for a change of zoning evoked a negative recommendation from the Cortland Planning Board and a rejection from the town board, petitioner responded with this article 78 proceeding for a judgment, *inter alia,* "granting the change of zoning." According to petitioner, the respondents were "arbitrary" and "capricious" in refusing to rezone its property because the current C-D zoning renders the existing uses of the property nonconforming and makes it difficult to compete with a shopping center across the street which is zoned C-2 and with other nearby shopping centers. I agree with my colleagues that the petition fails to state a cause of action for confiscation—the papers speak in terms of the "highest and best use" of the land—but in my view the petition can be read liberally to make out a cause of action for discrimination because it attacks the "propriety of the treatment of the subject parcel as compared to neighboring properties" (see *Udell v Haas,* 21 NY2d 463, 476). Obviously, as the majority posits, an article 78 proceeding is a wholly improper means of mounting a direct plenary attack on a zoning classification, and conversion to a declaratory judgment action is appropriate. However, I question our power to render a declaratory judgment at this stage of the action. Since the town offers only a formal answer and the conclusory statements of its town attorney in opposition to petitioner's claim of illegal discrimination, there is no basis in the record for a substantive declaration that the current zoning of petitioner's property is valid. Further-

more, upon the matter being converted and the article 78 petition becoming the complaint in the declaratory judgment action and the answer in the proceeding becoming the answer in the action, there is no procedural predicate for summary disposition without a motion made pursuant to CPLR 3211 or 3212. Accordingly, I concur in the modification of the judgment under review so as to convert the proceeding into a declaratory judgment action. However, I dissent as to the declaration that the current zoning is valid.