SEARINGTOWN CORPORATION et al., Plaintiffs,

v.

The INCORPORATED VILLAGE OF NORTH HILLS, etc., et al., Defendants.

No. CV–80–2670.

United States District Court, E.D. New York.

Nov. 6, 1981.

Flower & Plotka by Edward Flower, Bayshore, N.Y., for plaintiffs.

Costello & Shea by Frederick Gaffney, New York City, for defendants.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 and the fifth and fourteenth amendments to the Constitution. Plaintiffs are the owner of a parcel of land in the defendant Village consisting of approximately 125 acres, presently used as a golf course, and the contract vendee of this land. The complaint alleges that the defendants at one time .expressed an interest in acquiring plaintiff Searingtown's property for use as a public golf course, but never took steps to acquire this property and that, after the plaintiffs entered into a contract to develop this property for multi-family dwellings, the defendants enacted three pieces of legislation which affected the zoning of plaintiffs' property and the right to obtain building permits for it. Plaintiffs contend that over the course of

two years defendants, through three legislative enactments—including (1) the enactment of a local law declaring a temporary moratorium on building permits and site plan approvals, (2) the repeal of § 4.5 of the 1970 Village Zoning Ordinance, and (3) the enactment of a new comprehensive zoning ordinance for the Village—deprived plaintiffs of their constitutional rights by destroying the value of their property without just compensation and without due process. The relief sought against the Village, the Board of Trustees of the Village, and the individual members of the Board as well as the mayor as an individual, is $12,-000,000 in damages, in addition to declaratory and injunctive relief.

Defendants seek an order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure dismissing this action as against the defendants Board of Trustees of the Incorporated Village of North Hills, Dr. Lowell H. Kane, William Baker, Bently Sherman, Lou Foti, and Joseph Brucia on the basis of their immunity from suit.

Defendants also seek an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure precluding plaintiffs from inquiry into the legislative acts undertaken by the named individual defendants and their motivations, purposes, intentions, deliberations, and thought processes in connection with such legislative acts.

Plaintiffs in turn have filed motions to compel defendant Dr. Lowell Kane and other defendants to answer those questions propounded by plaintiffs regarding defendants' thought processes, deliberations, and discussions with others concerning the proposed acquisition of the property by the Village and the passage of various amendments and zoning ordinances about which plaintiffs complain in this action and to compel defendant Bently Sherman to appear for deposition immediately following completion of plaintiffs' deposition of defendant Dr. Lowell Kane.

Defendants' motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for an order dismissing the claims against the mayor as an individual and the individual members of the Board of Trustees of the Village of North Hills raises an issue as to whether local legislators have absolute immunity from suit under 42 U.S.C. § 1983 for acts taken in the course of their performance of their legislative duty.

In 1951 the Supreme Court held that state legislators have absolute immunity from suit under 42 U.S.C. § 1983 for acts "in the sphere of legitimate legislative activity." *Tenney v. Brandhove*, 341 U.S. 367, 376, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951). The Court extended this absolute immunity to regional legislators in *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). Since the 1979 decision in *Lake Country Estates*, three circuits have interpreted its reasoning to compel an extension of absolute immunity to local legislators, although the Supreme Court itself has expressly refused to do so. 440 U.S. at 404 n. 26, 99 S.Ct. at 1178–1179. *Hernandez v. City of Lafayette*, 643 F.2d 1188 (5th Cir.1981); *Bruce v. Riddle*, 631 F.2d 272 (4th Cir.1980); *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607 (8th Cir. 1980). *See Rheuark v. Shaw*, 628 F.2d 297, 304 n. 12 (5th Cir.1980); *Universal Amusement Co., Inc. v. Hofheinz*, 616 F.2d 202, 205 (5th Cir.1980).

The Second Circuit has not addressed this issue since the *Lake Country Estates* decision. However, in the most recent opinion in the area of legislative immunity by a district court in this Circuit, Judge Conner noted the disagreement in the circuits but expressly declined to determine whether the absolute immunity of state legislators of *Tenney* extended to local lawmakers. Such a determination was unnecessary in that case because he found that the defendants in the case before him were not acting within the sphere of legislative activity. *Kinderhill Farm Breeding Associates v. Appel*, 450 F.Supp. 134, 135 n. 1 (S.D.N.Y.1978).

In its May 1, 1981 decision in *Hernandez v. City of Lafayette, supra,* 643 F.2d at 1193, the Fifth Circuit noted that at least

five of the Justices of the Supreme Court have now expressed their view that local legislators are entitled to absolute immunity from suit under § 1983 for conduct in the furtherance of their duties. Dissenting from the majority in *Owen v. City of Independence,* 445 U.S. 622, 664 n. 6, 100 S.Ct. 1398, 1422 n. 6, 63 L.Ed.2d 673 (1980), Justice Powell, joined by the Chief Justice and Justices Stewart and Rehnquist, noted that an individual councilman enjoyed absolute immunity from suit under § 1983 for actions taken in his legislative capacity. In his dissent in *Lake Country Estates, supra,* 440 U.S. at 406–09, 99 S.Ct. at 1179–1181 (1979), Justice Marshall expressed his view that the majority holding compels extension of absolute immunity to local legislators as well.

In *Lake Country Estates,* the Court reasoned that even non-elected regional legislators were entitled to absolute immunity based on the need to "protect the 'public good.'" The Court ruled that, because of the special nature of their function, legislators must be immune from "deterrents to the uninhibited discharge of their legislative duty" in order to protect them from being subjected "to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives." Accordingly, the Court determined that it was appropriate to protect from question the motives of legislators, whether state or regional. 440 U.S. at 404–05, 99 S.Ct. at 1178–1179, *quoting Tenney v. Brandhove, supra,* 341 U.S. at 377, 71 S.Ct. at 788.

The reasoning of the Eighth Circuit in *Gorman Towers, supra,* is particularly instructive. The court noted that in determining the breadth of federal common law immunities, the Supreme Court has indicated that it has accommodated two competing interests: the interest in having governmental officials exercise their judgment free of the fear of burdensome and potentially ruinous personal litigation as against the interest in deterring improper official conduct and in providing wronged individuals with adequate remedies for

their injuries. 626 F.2d at 612, *citing Butz v. Economou,* 438 U.S. 478, 501–03, 98 S.Ct. 2894, 2908–2909, 57 L.Ed.2d 895 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 422–29, 96 S.Ct. 984, 991–994, 47 L.Ed.2d 128 (1976); *Wood v. Strickland,* 420 U.S. 308, 319–21, 95 S.Ct. 992, 999–1000, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 242–47, 94 S.Ct. 1683, 1689–1692, 40 L.Ed.2d 90 (1974). The first interest served as the basis for the finding in *Tenney* of absolute immunity·in order to preserve the "public good." The Eighth Circuit reasoned that in the case of local legislators, the need for protection is even greater since they are most vulnerable to and least able to defend lawsuits provoked by the passage of legislation. Citing the finding of the Maryland District Court in *Ligon v. Maryland,* 448 F.Supp. 935, 947 (D.Md.1977), the court noted that particularly in the area of land use and zoning, "'where decisions may have an immediate quantifiable impact on both the value and development of property, local legislators should be free to act solely for the public good without the specter of personal liability with the passage of each zoning ordinance.'" *Id.*

■■■ The *Gorman Towers* court found that. other checks on unconstitutional conduct by local legislators exist, making personal liability unnecessary. First, rezoning may be attacked on direct judicial review as being arbitrary, capricious, or unreasonable. In this case, under New York Village Law § 7–700, plaintiffs may challenge rezoning directly alleging, as they do in their complaint in this action, that the new zoning ordinance is arbitrary and capricious and that it deprived them of all reasonable use of their land without just compensation. *Hyde v. Incorporated Village of Baxter Estates,* 140 N.Y.S.2d 890 (Nassau Co. Spec. Term Part I 1955), *aff'd,* 2 A.D.2d 889, 156 N.Y.S.2d 378 (2d Dep't 1956), *aff'd,* 3 N.Y.2d 873, 166 N.Y.S.2d 314, 145 N.E.2d 28 (1957). In addition, an unconstitutional zoning ordinance may be declared invalid in federal court. Further, willful ·deprivation of constitutional rights under

color of state law is punishable under 18 U.S.C. § 242, the criminal analog of § 1983. Elected local legislators are also "subject to the responsibility and brake of the electoral process." Finally, the municipality remains liable for any wrongs plaintiffs can demonstrate were perpetrated upon them. *Owen v. City of Independence, supra,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673; *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[1]

Although *Gorman Towers* and *Bruce* dealt only with absolute immunity from damages, it is clear that such immunity applies to equitable relief as well. *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 732, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980); *Star Distributors Ltd. v. Marino,* 613 F.2d 4, 9 (2d Cir.1980); *Doe v. County of Suffolk,* 494 F.Supp. 179, 181 (E.D.N.Y.1980).

■ Accordingly, to the extent that the individual defendants are sued here for acts taken in a legislative capacity, they are absolutely immune. This applies to Dr. Kane, the mayor of the Village of North Hills, as well, but only to the extent that he is sued for acts taken in a legislative capacity. Plaintiffs contend that Dr. Kane is not a member of the Board of Trustees, and since his duties are executive in nature, he cannot claim legislative immunity. Plaintiffs, however, concede that under Village Law § 4–400 among Dr. Kane's duties as mayor is the duty to preside over meetings of the Board of Trustees. Moreover, as defendants point out, pursuant to Village Law § 3–301(4), Mayor Kane is a full voting member of the Board. Accordingly, since the complaint alleges only that plaintiffs were injured as a result of legislative activities, Mayor Kane is entitled to absolute immunity to the extent that he is sued here for acts taken in his legislative capacity. *Hernandez v. City of Lafayette, supra,* 643 F.2d at 1192–94. *See Supreme Court of Virginia v. Consumers Union, supra,* 446 U.S. at 731–34, 100 S.Ct. at 1974–1975, 1976.

Defendants next contend that the necessary corollary to their absolute immunity from suit under § 1983 is a privilege against discovery aimed at delving into their thought processes, motivations, and deliberations regarding the legislation they enacted and of which plaintiffs complain. Defendants therefore assert a federal common law privilege prohibiting evidentiary use of the testimony arising under Federal Rule of Evidence 501. *See In re Grand Jury Proceedings,* 563 F.2d 577, 582–83 (3d Cir.1977); *Gewertz v. Jackman,* 467 F.Supp. 1047, 1056 (D.N.J.1979); *United States v. Mandel,* 415 F.Supp. 1025, 1027–30 (D.Md.1976).

Federal Rule of Evidence 501 provides that a privilege "shall be governed by the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience." In determining whether such a privilege exists, "reason and experience" dictate a balancing of the public's need for the full development of relevant facts in federal litigation against the countervailing demand for confidentiality in order to achieve the objectives underlying the privilege in issue. Weinstein & Berger, 2 *Weinstein's Evidence* ¶ 501[03] at 501–31 (1980).

In the case of privilege arising out of legislative immunity, as already noted, the

---

1. The liability of the Board of Trustees is another question. Under New York law, a town board is not an entity separate and apart from the town and, therefore, cannot be sued as a body in actions at law. *Berean v. Town of Lloyd,* 3 A.D.2d 585, 162 N.Y.S.2d 534 (3d Dep't 1957). This is so because a town board or board of trustees is not a municipal corporation, but merely a governing board. *Id.* at 538. *See* § 2 N.Y.Gen.Municipal Law (McKinney's 1977). Indeed, Professor McQuillin has written that "if the board or department is not a corporate body, it cannot, of course, be sued." 3 McQuillin, *Municipal Corporations,* § 12.40 at p. 213. Therefore, plaintiffs' claim against the Board of Trustees for damages must be dismissed. However, since a town board may be sued in a declaratory judgment action to attack the constitutionality of a zoning ordinance, *Peekskill Suburbs, Inc. v. Morabito,* 74 A.D.2d 843, 425 N.Y.S.2d 389 (2d Dep't 1980), plaintiffs may maintain their claims for declaratory and injunctive relief against the Board.

purpose in preventing inquiry into the motivation for legislative acts is to shield legislators from civil proceedings which disrupt and question their performance of legislative duties to enable them to devote their best efforts and full attention to the "public good." *See Lake Country Estates, supra; United States v. Mandel, supra,* 415 F.Supp. at 1027, 1030, 1031. Therefore, the privilege asserted by defendants will be sustained only where the relief sought by the suit would threaten the independence of the legislature. *See In re Grand Jury Proceedings, supra,* 563 F.2d at 583; *United States v. Mandel, supra.*

Defendants here contend that to reject their claim of evidentiary privilege would undermine their absolute immunity, the purpose of which is to protect the integrity of the legislative process. This argument was implicitly accepted by the Supreme Court in *United States v. Gillock,* 445 U.S. 360, 372, 100 S.Ct. 1185, 1193, 63 L.Ed.2d 1454 (1980). *Gillock* involved an assertion of evidentiary privilege by a state legislator in a criminal proceeding. The Court commented that it had indeed established absolute immunity from civil suit in *Tenney,* but distinguished *Tenney* as reflecting its own sensitivity to interference with the functioning of legislators in the context of a civil action brought by a private plaintiff to vindicate private rights. The *Gillock* court ruled that in the criminal context, in contrast, "recognition of an evidentiary privilege for state legislators for their legislative acts would impair the legitimate interest of the Federal Government in enforcing its criminal statutes with only speculative benefit to the state legislative process." *Id.* at 373, 100 S.Ct. at 1194.

What is at issue in this action, according to plaintiffs, is the motivation of the local legislators in rezoning plaintiffs' property. However, this is precisely the kind of activity which is protected by legislative immunity. Balanced against this doctrine of immunity is the demand by two private plaintiffs in this civil action to know why they have been denied the value they claim their land had prior to the legislative acts in question. I cannot find that this interest rises to a level of public need for the full development of relevant facts sufficient to warrant threatening the interest in protecting the legislative process mandated by the Supreme Court in *Tenney* and *Lake Country Estates.* Accordingly, I must allow defendants' assertion of privilege and deny plaintiffs' motion to compel them to answer questions relating to their motivations and deliberations regarding legislation they enacted.

Finally, plaintiffs' motion to compel the deposition of Sherman Bently following completion of their deposition of Dr. Kane is granted. Dr. Kane is directed to make himself available for deposition within fifteen days of the date of the filing of this decision, and Mr. Bently's deposition shall follow immediately upon the completion of Dr. Kane's deposition, unless the parties agree on some different schedule.

Defendants' motion to dismiss is granted as to defendants Baker, Sherman, Foti, and Brucia; as to the defendant Kane in his capacity as a member of the Board of Trustees; and as to the claim for damages against the defendant Board.

SO ORDERED.