■ TULLIO FEDRIZZI et al., Appellants, v WASHINGTONVILLE CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendants. [611 NYS2d 584] —In an action, *inter alia,* to recover damages for

defamation, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 25, 1992, which granted the motion of the Washingtonville Central School District for summary judgment dismissing the complaint in its entirety.

Ordered that the order is affirmed, with costs.

A necessary element to the success of a libel or slander cause of action is publication of the offending statements to a third person (see, e.g., Church of Scientology v Green, 354 F Supp 800, 803; McGill v Parker, 179 AD2d 98, 106). Words are "published" within the meaning of the law of libel when they are in writing and are read by someone other than the person libeled and the person making the charges. Similarly, to constitute actionable slander, the slanderous words must have been spoken in the presence and hearing of some person other than the one slandered, who is not entitled to hear the defamatory matter (see, Fulton v Ingalls, 165 App Div 323, affd 214 NY 665; 44 NY Jur 2d, Defamation and Privacy, § 46, at 10-11). Absent some communication to a third person, no damage, either actual or presumed, can result (see, Youmans v Smith, 153 NY 214).

The plaintiffs have not shown that the respondent Washingtonville Central School District (hereinafter the Washingtonville District) published any defamatory matter concerning the plaintiff Tullio Fedrizzi, one of its per diem employees, to any third person. In fact, Fedrizzi himself was the only disseminator of the information that he had been fired from his position of a school bus driver with the Washingtonville District. Thus, the court properly granted the motion for summary judgment on the libel and slander causes of action. Moreover, since a review of the plaintiffs' other causes of action convinces us that they also lack merit, the court's dismissal of the plaintiffs' complaint in its entirety was proper. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.