■ CAROL TRAMONTOZZI, Appellant, v ST. FRANCIS COLLEGE et al., Respondents. [649 NYS2d 43] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), entered November 3, 1995, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, the former athletic director of the defendant St. Francis College, commenced this action against the college, its president Donald Sullivan, and the plaintiff's direct superior James Adams, to recover damages, *inter alia,* for the breach of his employment contract. The plaintiff's claims arose out of the termination of his employment from St. Francis College after a dispute with Adams.

It is well settled in New York State that when employment is for an indefinite term, the employee is presumed to be an employee at will, and that such employment may be terminated by either party for any reason or no reason at all *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300).

The written contract between the plaintiff and the college clearly indicates that the plaintiff was hired for an indefinite period. The Supreme Court properly found that the plaintiff was an at-will employee who could be dismissed for any cause or no cause at all *(see, Sabetay v Sterling Drug, supra; Murphy v American Home Prods. Corp., supra).*

The plaintiff also asserted claims to recover damages for

intentional infliction of emotional distress and prima facie tort, alleging that he suffered emotional distress from the dispute with Adams which led to his dismissal. The plaintiff has not alleged facts which demonstrate extreme, outrageous, or malevolent behavior on the part of the defendants to support either tort. Moreover, in light of the fact that there exists no tort in New York for abusive or wrongful discharge of an at-will employee, the plaintiff cannot subvert or circumvent the traditional at-will contract rule by recasting his cause of action as the tort of the intentional infliction of emotional distress or as a prima facie tort *(see, Murphy v American Home Prods. Co.,* 58 NY2d 293, 303-304, *supra; Blatman v Paribas N. Am.,* 198 AD2d 172, *Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 510).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.