■ SCOTT GILL, Appellant, v PATHMARK STORES, INC., et al., Respondents. [655 NYS2d 623] —In an action, *inter alia,* to recover damages for breach of contract and defamation, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 13, 1995, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action, and (2) an order of the same court, dated April 3, 1996, which denied the plaintiff's motion for renewal.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff commenced this action claiming, *inter alia,* that the termination of his employment with Pathmark Stores, Inc. (hereinafter Pathmark), was wrongful, and that Pathmark and its employees spread rumors in the industry causing him

difficulty in gaining new employment. It is well settled that absent an agreement establishing employment of a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party *(see, Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410; *Sabetay v Sterling Drug,* 69 NY2d 329; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Tramontozzi v St. Francis Coll.,* 232 AD2d 629). This State does not recognize a tort sounding in wrongful discharge and does not require good faith in an at-will employment relationship *(see, Matter of De Petris v Union Settlement Assn., supra).* Accordingly, his causes of action sounding in breach of contract and wrongful discharge must fail.

The plaintiff also alleges that Pathmark "published to the outside world that [he] was grossly negligent in discharging his duties", and that such statements were published to human resources personnel in other companies. However, the plaintiff does not set forth the actual words complained of, nor does he specify the persons to whom Pathmark or its agents published the alleged comments.

It is well-settled law that a cause of action sounding in defamation which fails to comply with the special pleading requirements contained in CPLR 3016 (a) that the complaint set forth "the particular words complained of", mandates dismissal *(see, e.g., Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514). Failure to state the particular person or persons to whom the allegedly defamatory comments were made also warrants dismissal *(see, Ott v Automatic Connector,* 193 AD2d 657; *Horowitz v Aetna Life Ins.,* 148 AD2d 584; *Monsanto v Electronic Data Sys. Corp. supra; Buffolino v Long Is. Sav. Bank,* 126 AD2d 508). Therefore, the complaint fails to state a cause of action sounding in defamation.

The appellant's remaining contentions are without merit. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.