■ Danny Ramnarine, Respondent, v Colleen Ariola et al., Appellants. [692 NYS2d 83] —In an action, *inter alia*, to recover damages for breach of an employment contract and for defamation, the defendants appeal from an order of the Supreme Court, Richmond County (Leone, J.), dated May 4, 1998, which denied their motion for summary judgment dismissing the complaint with leave to renew upon the completion of discovery.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was discharged from his employment with the defendant St. Elizabeth Ann's Nursing Home (hereinafter the nursing home) after a co-worker reported to the defendant Colleen Ariola, who was then a manager at the nursing home, that he had confessed to an illicit sexual relationship with his niece, and after he subsequently was arrested for statutory rape and the arrest was reported in a local newspaper. Even assuming that Ariola referred to the plaintiff as a "rapist" or "child molester", any such statement was shielded by the "common interest" privilege (*Liberman v Gelstein*, 80 NY2d 429, 437). The plaintiff failed to raise a triable issue of fact as to the issue of malice, and the first two causes of action, alleging defamation, should have been dismissed (*see generally, Liberman v Gelstein, supra*).

The evidence submitted by the defendants established that the plaintiff was an at-will employee, and the plaintiff failed to create any issue of fact as to his employment status (*see generally, Rooney v Tyson,* 91 NY2d 685; *Howley v Newsday, Inc.,* 215 AD2d 729). It is well settled that the employment of an at-will employee may be terminated at any time by the employer (*see, Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406). Therefore, the third and fifth causes of action, which allege "breach of employment contract" and wrongful discharge from employment, respectively, and seek the reinstatement of the plaintiff to his employment and related monetary relief, should also have been dismissed.

The plaintiff's conclusory allegations of discrimination were insufficient to create an issue of fact with respect to the fourth cause of action, which is premised on a claim of illegal discrimination. The defendants established a clearly legitimate basis for the discharge of the plaintiff from employment (*see, e.g., Kelderhouse v St. Cabrini Home,* 259 AD2d 938).

Finally, in view of the provisions of the employee handbook which provide, *inter alia,* that "terminal benefits" will not be paid to an employee who is discharged from employment, there is no merit to the plaintiff's claim that he is entitled to "terminal benefits", including payment for unused sick or vacation time. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.