■ NEW JERSEY STEEL CORPORATION et al., Respondents, v GARY LUTIN, Appellant. [747 NYS2d 89]

Clear and convincing evidence supports the verdict finding that the offending letter, asserting that plaintiffs had ongoing relationships with organized crime, were themselves involved in racketeering activities and were on the verge of financial

collapse, and sent to Von Roll's lending bank and shareholder, institutional investors and a financial news reporter, was false, defamatory and made with actual malice. Such evidence shows that at the time he wrote the offending letter defendant knew that whatever "relationship" plaintiffs previously had with the company of a purported organized crime figure, or with companies related to that company, had ended, and that defendant had only a few months before expressed a positive view of NJSC's financial circumstances to one of its customers. Evidence of other attempts by defendant to harm plaintiffs was properly admitted as relevant to the issue of actual malice and was not given undue weight (*see Harte-Hanks Communications v Connaughton*, 491 US 657, 668). We modify to award plaintiffs only nominal compensatory damages absent any evidence as to their actual damages (*cf. Gatz v Otis Ford*, 274 AD2d 449, 450). The $20 million award of punitive damages is excessive to the extent indicated (*see Liberman v Riverside Mem. Chapel*, 225 AD2d 283, 292-293; *cf. 105 E. Second St. Assoc. v Bobrow*, 175 AD2d 746, 747; *BMW of N. Am., Inc. v Gore*, 517 US 559, 581 n 34; *Marcus v Bressler*, 277 AD2d 108, 110). We have considered defendant's other arguments and find them unavailing. Concur—Wallach, J.P., Lerner, Rubin, Friedman and Gonzalez, JJ.