■ STEVEN LIKER, Respondent, v JOSEPH WEIDER, Appellant. [838 NYS2d 140]—

In an action, inter alia, to recover damages for defamation, the defendant appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered June 20, 2006, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $20,000.

Ordered that the judgment is affirmed, with costs.

Reviewing the evidence with the same authority as the trial court, and giving appropriate weight to its ability to observe the witnesses and assess their credibility (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *779 E. N.Y. Ave. Assoc., LLC v Gurary*, 31 AD3d 627, 628 [2006]; *Bubba's Bagels of Wesley Hills, Inc. v Bergstol*, 18 AD3d 411, 412 [2005]), the judgment in favor of the plaintiff and against the defendant is amply supported by the evidence.

The plaintiff produced several witnesses whose credible testimony established that the defendant engaged in a pattern of defamatory conduct against the plaintiff and per se slandered the plaintiff in his occupation and by accusing him of a serious and heinous crime (*see generally Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *Frederick v Fried*, 10 AD3d 444, 445 [2004]; *see e.g. Mahoney v Adirondack Publ. Co.*, 71 NY2d 31, 38 [1987]; *Loughry v Lincoln First Bank*, 67 NY2d 369, 374-375 [1986]; *Kotowski v Hadley*, 38 AD3d 499 [2007]; *New Jersey Steel Corp. v Lutin*, 297 AD2d 557, 557-558 [2002]). Moreover, while the defendant raised the defense of qualified privilege with regard to one of the statements (*see e.g. Simpson v Cook Pony Farm Real Estate, Inc.*, 12 AD3d 496, 497 [2004]; *Ramnarine v Ariola*, 262 AD2d 296 [1999]; *Garson v Hendlin*, 141 AD2d 55, 62 [1988]), the plaintiff succeeded in overcoming that defense with a clear showing of actual malice on the part of the defendant (*see Loughry v Lincoln First Bank, supra* at 376; *Fregoe v Fregoe*, 33 AD3d 1182, 1184 [2006]; *New Jersey Steel Corp. v Lutin, supra* at 558).

Finally, the compensatory damages awarded by the court were appropriate in view of the evidence of the emotional distress caused to the plaintiff, and punitive damages also were properly awarded given the reprehensible and repetitive nature of the defendant's defamatory conduct (*see generally Thoreson v Penthouse Intl.*, 80 NY2d 490, 497 [1992]; *Walker v Sheldon*, 10 NY2d 401, 404 [1961]). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.