■ LOUIS TRAKIS, Respondent-Appellant, v MANHATTANVILLE COLLEGE et al., Appellants-Respondents. [859 NYS2d 453]—

In an action to recover damages for breach of an employment contract, civil rights violations, and defamation, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging breach of an employment contract and civil rights violations, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging defamation.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of an employment contract and civil rights violations are granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

From 1965 until 1993, the plaintiff taught art at the defendant Manhattanville College (hereinafter the College), after which he retired, but continued to teach there in the "at will" employment position of adjunct professor with the title of professor emeritus. As part of his duties, in 2002, the plaintiff submitted an evaluation to the provost recommending that the College deny one of his peers tenure because the plaintiff was of the opinion that she was lacking in her performance as a teacher, in research, and in her service to the college.

Shortly thereafter, the peer was denied tenure. Early in 2004, however, the peer requested that the faculty review committee reassess the denial of her application for tenure on the basis that the plaintiff had made sexist and racist comments about her, which other faculty and students overheard, and which may have affected her application for tenure.

After the College conducted a thorough investigation, it concluded that the peer's allegations were supported by sufficient evidence. Consequently, the College granted her tenure, dismissed the plaintiff from employment with the College, and revoked his title of professor emeritus. As a result, in 2004, the plaintiff commenced the instant action against the College and

its president (hereinafter the defendants) asserting causes of action sounding in wrongful discharge, deprivation of procedural due process, breach of an implied promise not to disclose his confidential tenure evaluation, and slander per se. After discovery was concluded, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion only to the extent of dismissing the cause of action alleging slander per se.

Where employment is at will, an employee may be terminated at any time, for any reason, or for no reason at all (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]; *Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]; *Miller v Huntington Hosp.*, 15 AD3d 548, 549 [2005]). There is no requirement that the employee be discharged in good faith (*see Sabetay v Sterling Drug*, 69 NY2d at 335); only two recognized exceptions exist to this rule, which are inapplicable herein (*see Horn v New York Times*, 100 NY2d 85, 96 [2003]; *Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]; *Wieder v Skala*, 80 NY2d 628, 638 [1992]; *Miller v Huntington Hosp.*, 15 AD3d at 549). There is no recognized tort of wrongful discharge in New York (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d at 316; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 297 [1983]).

Here, the defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the cause of action sounding in wrongful discharge. The plaintiff's employment contract specifically noted that he was an "at will" employee who could be terminated "at any time, for any reason." In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). As such, the defendants were entitled to summary judgment dismissing that cause of action (*see Tramontozzi v St. Francis Coll.*, 232 AD2d 629 [1996]; *Howley v Newsday, Inc.*, 215 AD2d 729, 730 [1995]; *Scheiber v St. John's Univ.*, 195 AD2d 544, 547-548 [1993], *mod on other grounds* 84 NY2d 120 [1994]).

Likewise, to the extent the plaintiff sufficiently pleaded a cause of action alleging that he was deprived of procedural due process, the defendants were entitled to summary judgment dismissing that cause of action (*see Shovlin v University of Medicine & Dentistry of N.J. (UMDNJ)*, 50 F Supp 2d 297, 316 [1998]). Nowhere in the complaint does the plaintiff allege, at a minimum, conduct by the college "acting under color of law which deprived the injured party of a right, privilege or immunity guaranteed by the Constitution or the laws of the United

States" (*DiPalma v Phelan*, 81 NY2d 754, 756 [1992]; *see Shar-rock v Dell Buick-Cadillac*, 45 NY2d 152, 158 [1978]; *Moghimza-deh v College of St. Rose*, 236 AD2d 681, 682 [1997]). In any event, as an at will employee, the plaintiff did not have a property interest in his continued employment (*see Baron v Port Auth. of N.Y. & N.J.*, 271 F3d 81, 89 [2001]; *Shovlin v University of Medicine & Dentistry of N.J.*, 50 F Supp 2d at 316; *Natalizio v City of Middletown*, 301 AD2d 507, 507-508 [2003]; *Matter of Macina v North Salem Cent. School Dist.*, 221 AD2d 538, 539 [1995]).

The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of an "implied contractual expectation of confidentiality" in his tenure evaluation of his colleague. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by demonstrating that the tenure evaluation authored by the plaintiff was not disclosed (*see Zuckerman v City of New York*, 49 NY2d at 562). In opposition, the plaintiff again failed to raise a triable issue of fact (*id.*).

However, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging slander per se. The plaintiff failed to set forth in the complaint the allegedly defamatory remarks (*see* CPLR 3016 [a]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 719 [2003]; *Gill v Pathmark Stores*, 237 AD2d 563, 564 [1997]; *Conley v Gravitt*, 133 AD2d 966, 968 [1987]). Further, he never identified who spoke the remarks, or to whom they were published (*see Schwegel v Chiaramonte*, 4 AD3d 519, 521 [2004]; *Schulman v Continental Ins.*, 258 AD2d 639, 640-641 [1999]; *Fedrizzi v Washingtonville Cent. School Dist.*, 204 AD2d 267 [1994]; *Barber v Daly*, 185 AD2d 567, 569-570 [1992]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint in its entirety. Spolzino, J.P., Skelos, Santucci and Balkin, JJ., concur.