■ DISH REALTY, LLC, Appellant, v TOWN OF HUNTINGTON, Respondent. [996 NYS2d 335]—

In an action, inter alia, for a judgment declaring that Local Law No. 7-2004 of the Town of Huntington is unconstitutional as applied to certain real property owned by the plaintiff, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated November 29, 2012, as, sua sponte, directed the joinder of the Town Board of the Town of Huntington as a defendant in this action.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the joinder of the Town Board of the Town of Huntington as a defendant in this action is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements.

A "court may at any stage of a case and on its own motion determine whether there is a nonjoinder of necessary parties" (*Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272, 282 [1974]; *see Censi v Cove Landings, Inc.*, 65 AD3d 1066, 1068 [2009]). "In a matter seeking a declaratory judgment challenging a legislative act, the legislative body that enacted the challenged law or ordinance is a necessary party" (*Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305, 318 [2010]; *see* CPLR 1001 [a]; *Matter of Jenkins v Astorino*, 110 AD3d 882, 884 [2013]).

In this declaratory judgment action against the Town of Huntington, challenging a Local Law enacted by the Town Board of the Town of Huntington (hereinafter the Town Board), the Supreme Court, sua sponte, directed the joinder of the Town Board as a defendant on the ground that it is a necessary party without which the action cannot proceed. However, a town board "shall be vested with all the powers of such a town" (Town Law § 60 [1]) and "cannot and does not exist separately and independently from the town of which it is the governing body . . . [T]he acts of a town board when performed under statutory authority are the acts of the town" (*Berean v Town of Lloyd*, 3 AD2d 585, 587-588 [1957]). Accordingly, as the Town is a party defendant in this action, it was unnecessary for the court to have directed the joinder of the Town Board as a defendant (*see* Town Law § 60 [1]; *Berean v Town of Lloyd*, 3 AD2d at 587-588;

*see also O'Brien v Town of Huntington*, 308 AD2d 479; 481 [2003]; *Soundview Assoc. v Town of Riverhead*, 725 F Supp 2d 320, 343 [ED NY 2010]; *cf. Matter of Jenkins v Astorino*, 110 AD3d at 884; *Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d at 318). Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.