Lopiccolo v Holtsville Fire Dist. (2025 NY Slip Op 05513)

Lopiccolo v Holtsville Fire Dist.

2025 NY Slip Op 05513

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-10478
 (Index No. 604039/21)

[*1]Brian Lopiccolo, respondent,
v
Holtsville Fire District, et al., appellants.

FordHarrison, LLP, New York, NY (Gregory B. Reilly and Steven Belken of counsel), for appellants.
Camacho Mauro, LLP, New York, NY (Andrea Sacco Camacho of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful termination of employment, the defendants appeal from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated July 13, 2023. The order denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging violations of Labor Law §§ 193 and 215 and 42 USC § 1983, defamation, defamation per se, and intentional and willful conduct, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging a violation of Civil Service Law § 75-b insofar as asserted against the defendants Board of Fire Commissioners of the Holtsville Fire District, Holtsville Fire Department, Inc., Holtsville Fire Company, James Bruckner, Roy Stillufsen, Robert Cabano, Joseph Castiglione, and Daniel Pazienza, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
In March 2021, the plaintiff commenced this action against the defendant Holtsville Fire District (hereinafter the District) and the defendants Board of Fire Commissioners of the Holtsville Fire District (hereinafter the Board), Holtsville Fire Department, Inc., Holtsville Fire Company, James Bruckner, Roy Stillufsen, Robert Cabano, Joseph Castiglione, and Daniel Pazienza (hereinafter collectively the nondistrict defendants), inter alia, to recover damages for wrongful termination of employment. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, and the plaintiff cross-moved for leave to amend the complaint. In an order dated January 19, 2022, the Supreme Court denied the defendants' motion and granted the plaintiff's cross-motion.
Subsequently, the defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated July 13, 2023, the Supreme Court denied that branch of the motion. The defendants appeal from the order dated July 13, 2023.
Contrary to the defendants' contention, the allegations in the amended complaint were sufficient to state a cause of action alleging a violation of Civil Service Law § 75-b against the District. "Civil Service Law § 75-b(2)(a)(ii) provides that adverse employment action may not be taken against a public employee based upon his or her disclosure of information which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action" (Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d 896, 900 [internal quotation marks omitted]). Here, the plaintiff alleged that he had investigated "discrepancies and inconsistencies in the activities and financial reports" of the District and that he began experiencing hostility from the defendants after he disclosed his findings to the District's former commissioner. The plaintiff further alleged, inter alia, that he was terminated from his employment with the District because of this disclosure. Therefore, the amended complaint sufficiently states a cause of action for a violation of Civil Service Law § 75-b against the District.
However, at the time this action was commenced, the statute of limitations for a Civil Service Law § 75-b cause of action was one year (see Civil Service Law § 75-b[3][c]; Labor Law former § 740[4][a]; Donas v City of New York, 62 AD3d 504, 505). Here, the plaintiff commenced this action on March 9, 2021, and, therefore, only so much of the cause of action as related to the District's alleged retaliatory act of terminating the plaintiff's employment on March 13, 2020, may be considered timely. Contrary to the plaintiff's contention, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) did not toll the statute of limitations with respect to claims of alleged adverse employment actions that occurred in 2014 and 2018, as the statute of limitations for those claims had already expired prior to the issuance of that executive order.
Furthermore, "a town board shall be vested with all the powers of such a town and cannot and does not exist separately and independent from the town of which it is the governing body" (Dish Realty, LLC v Town of Huntington, 122 AD3d 665, 665 [citation and internal quotation marks omitted]). Here, the amended complaint failed to establish that the Board was a separate entity from the District. Additionally, the amended complaint failed to allege how the remaining nondistrict defendants were involved in the plaintiff's wrongful termination of employment with the District. Therefore, the Civil Service Law § 75-b cause of action against the nondistrict defendants was subject to dismissal pursuant to CPLR 3211(a)(7).
Contrary to the determination of the Supreme Court, the remaining causes of action were subject to dismissal pursuant to CPLR 3211(a)(7). Labor Law § 215 "provides that no employer shall discharge, threaten, penalize, or in any other manner discriminate . . . against any employee because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner" (Reyes v Seaqua Delicatessen, Inc., 234 AD3d 88, 93 [internal quotation marks omitted]). However, Labor Law § 215 does "not apply to employees of the state or any municipal subdivisions or departments thereof" (id. § 215[1][c]). As the plaintiff alleged that the District was a "municipal corporation," he was a municipal employee while employed with the District and was not protected under Labor Law § 215. To the extent that the contention that Labor Law § 215 does not apply to the plaintiff is raised for the first time on appeal, we consider this contention because it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper juncture (see Commissioner of the N.Y. State Dept. of Transp. v Polite, 236 AD3d 82, 98).
Likewise, the plaintiff cannot maintain a cause of action alleging a violation of Labor Law § 193 against the defendants, as governmental agencies are exempt from this statute (see id. § 190[3]). To the extent that this contention is raised for the first time on appeal, we consider it because it also presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper juncture (see Commissioner of the N.Y. State Dept. of Transp. v Polite, 236 AD3d at 98).
"In order to maintain an action under 42 USC § 1983, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, [*2]or immunities secured by the Constitution or laws of the United States" (Borrerro v Haks Group, Inc., 165 AD3d 1216, 1219 [internal quotation marks omitted]). A plaintiff asserting a section 1983 cause of action for wrongful termination of employment must demonstrate that he or she was deprived of a protected property interest (see Trakis v Manhattanville Coll., 51 AD3d 778, 781; Natalizio v City of Middletown, 301 AD2d 507, 507). At-will employees do not have a property interest in their continued employment (see Natalizio v City of Middletown, 301 AD2d at 508). Rather, "[w]here employment is at will, an employee may be terminated at any time, for any reason, or for no reason at all" (Trakis v Manhattanville Coll., 51 AD3d at 780). Here, the plaintiff was an at-will employee who did not have a property interest in his continued employment, and, as such, the amended complaint failed to state a cause of action alleging a violation of 42 USC § 1983.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41). A statement is defamatory per se if it, among other things, "charges the plaintiff with a serious crime" or "tends to injure the plaintiff in her or his trade, business, or profession" (Laguerre v Maurice, 192 AD3d 44, 50).
"CPLR 3016(a) requires that [i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint" (Lemieux v Fox, 135 AD3d 713, 714 [internal quotation marks omitted]). Compliance with this requirement is "strictly enforced" and "[a] cause of action sounding in defamation which fails to comply with these special pleading requirements must be dismissed" (id. [internal quotation marks omitted]; see Tsamasiros v Jones, 232 AD3d 816, 818). "The complaint must set forth the particular words allegedly constituting defamation, and it must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Nofal v Yousef, 228 AD3d 772, 774 [citation and internal quotation marks omitted]).
Here, while the amended complaint set forth allegedly defamatory remarks that the defendants wrote on or about January 17, 2020, it failed to set forth the place where and to whom these remarks were published (see Oluwo v Mills, 228 AD3d 879, 880). Accordingly, the Supreme Court erred in denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging defamation and defamation per se.
The cause of action alleging intentional and willful conduct is, in effect, a demand for punitive damages. "[P]unitive damages may be awarded on proof of actual malice" (Gatz v Otis Ford, Inc., 274 AD2d 449, 450; see Liker v Weider, 41 AD3d 438, 439). However, "New York does not recognize an independent cause of action for punitive damages" (Gershman v Ahmad, 156 AD3d 868, 868 [internal quotation marks omitted]), and "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (Podesta v Assumable Homes Dev. II Corp., 137 AD3d 767, 770 [internal quotation marks omitted]). As the defendants are entitled to dismissal of the causes of action alleging defamation and defamation per se, they also are entitled to dismissal of the demand for punitive damages.
The defendants' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court