OPINION OF THE COURT
Arthur B. Curran, J.
This action was commenced against defendant on or about December 28, 1988. Plaintiff’s complaint alleged violations of New York State Human Rights Law (HRL) and the Federal Age Discrimination in Employment Act (ADEA). Defendant’s answer generally denied the substantive allegations made by plaintiff and asserted several affirmative defenses.
Defendant now moves, before this court, for an order pursuant to CPLR 3211 dismissing plaintiff’s complaint in its entirely upon the grounds that plaintiff failed to meet statutory filing requirements with respect to his Federal claim and that plaintiff’s State claim is barred by the applicable Statute of Limitations.
Plaintiff was hired by Xerox Corporation (defendant) on February 17, 1969 as a senior engineering aide. At the time of his termination in 1982, plaintiff held the position of senior manufacturing engineer, a position he held since 1980. Plaintiff’s discharge was the result of defendant’s alleged scheduled involuntary reduction in force measure.
Xerox claims that its voluntary reductions program applied objective criteria of seniority and job performance ratings to select candidates for discharge (example: The greater the number of years of service and the higher the performance ratings, the less the likelihood of involuntary dismissal). At the time plaintiff was released, he was 45 years of age, several other employees who were also affected by the involuntary reductions between the period from May 1, 1980 to March 31, 1983 were over the age of 40 years.
On March 8, 1983, Jules Lusardi and three other former Xerox employees filed a class action suit against defendant. Lusardi also filed a timely charge with the EEOC which alleged that defendant was engaged in discriminatory employ *492 ment practices against a class of persons over 40 years old particularly with respect to the implementation of the involuntary reduction measures.
The United States District Court for the District of New Jersey conditionally certified the class on January 30, 1984. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on February 15, 1984. He opted into the Lusardi class approximately two weeks later, on February 28, 1984. In December of 1987, the conditional class action of Lusardi was decertified (Lusardi v Xerox Corp., 118 FRD 351). Appeal of the decertification order was dismissed (855 F2d 1062).
Notice of decertification to conditional class members, dated November 25, 1988, was mailed to conditional class members. The notice of decertification provided: "4. Effect of Court’s Decision: You may still have the right to pursue in Federal or State Court or before an appropriate Federal or State Agency your individual claim of age discrimination against Xerox as well as any other legal claim you may have. Statutes of Limitations made part of ADEA limit the time during which claims may be made by the complaining party against an employer. The Statute of Limitations applicable to your Federal Age Discrimination claim against Xerox have been tolled, or stayed, from the time you filed your consent to join this lawsuit. As a result of the Court’s Decision to de-certify this case as a class action, that stay will expire as of midnight December 23, 1988. Thereafter, the period of time in which you must assert a claim of age discrimination against Xerox will begin to run again.”
STATUTE OF LIMITATIONS
Plaintiff was discharged from Xerox August 16, 1982, plaintiff commenced the present action by serving a complaint on defendant, alleging an HRL violation based on his 1982 termination, on December 22, 1988. Is plaintiff’s State claim of an HRL violation barred by the Statute of Limitations?
Commencing civil actions to recover damages for alleged unlawful discriminatory practices under subdivision (9) of section 297 of the New York Executive Law is governed by the three-year Statute of Limitations prescribed in CPLR 214 (2) applicable to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute.” (Murphy v American Home Prods., 58 NY2d 293, 307.)
*493 Defendant argues that since the act of plaintiff’s discharge on August 16, 1982 is claimed to constitute age discrimination, plaintiff had only until the 16th day of August 1985 to commence his State claim.
Plaintiff contends that plaintiff’s opting into the Lusardi class action on or about February 28, 1984 served as a valid commencement of the age discrimination suit within the three-year period following his termination.
The notice of decertification states that persons named in the class action suit may still have the right to pursue in Federal or State court their individual claims of age discrimination against Xerox. With regard to the applicable Statutes of Limitation, the notice specifies: "The Statutes of Limitations applicable to your Federal Age Discrimination claim against Xerox have been tolled, or stayed, from the time you filed your consent to join this lawsuit.” (Emphasis added.) As a result of the decertification, the court ruled that the stay will expire as of midnight December 23, 1988.
The court, through it notice, did not stay all claims of the class members from the time of opting to join the Lusardi action until December 23, 1988. The notice clearly states that the Statutes of Limitation applicable to a party’s Federal age discrimination claim will be tolled or stayed.
CPLR 204 and/or 205 are inapplicable since the court never interfered or prevented a member of the class from asserting their rights vis-á-vis a State action.
CPLR 204: "(a) Stay. Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.”
CPLR 205: "(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, of it he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”
Thus, CPLR 204 (a) provides for a suspension of the running of the Statute of Limitations only during a period of time that the claimant is stayed by the court’s action from commencing *494 suit. Similarly, CPLR 205 (a) applies to a new cause of action brought by a plaintiff based on the transactions or occurrences of a cause of action that had been terminated if a cause of action was timely commenced in the first instance.
A State action was never started by plaintiff until December 22, 1988, which was approximately six years after the alleged discriminatory conduct occurred. By failing to commence a State suit prior to the 1985 deadline, plaintiff’s State claim of a Human Rights Law violation is barred by the three-year Statute of Limitations.
FEDERAL CLAIM
Plaintiff alleges that he is not barred by section 7 (d) (2) of the Age Discrimination in Employment Act (29 USC § 626 [d] [2]) from pursuing his Federal claim against defendant. Furthermore, as a class member, plaintiff need not file a charge with the Equal Employment Opportunity Commission.
Defendant takes the position that, with the decertification of the Lusardi action (supra), plaintiff lost the use of Lusardi’s timely filed charge. Without a timely filed charge, plaintiff should be precluded from commencing a Federal claim under the ADEA.
Pursuant to the ADEA: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed * * * within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.” (29 USC § 626 [d] [2].)
Complying with the ADEA means that any action based on a claim of Federal age discrimination may not be brought unless the claim was properly raised with the EEOC, i.e., within the permissible time limit for filing the claim with the EEOC. (See, 29 CFR 1626.7 [b]; Miller v International Tel. & Tel. Corp., 755 F2d 20.)
Both parties agree that plaintiff filed his charge of discrimination with the EEOC on February 15, 1984, which was IV2 years after the alleged discriminatory action date of his discharge.
In Johnson v American Airlines (531 F Supp 957, 962 [ND Tex 1982]) the court held that "individual compliance with Sections 626 (d) and 633 (b) is not necessary so long as the *495 named representative has satisfactorily complied with the applicable notice provisions * * * unnamed class members are not required to individually file a charge with the Equal Employment Opportunity Commission as a prerequisite to joining the lawsuit.”
Lusardi filed a charge in a timely manner with EEOC alleging: "Xerox has engaged in employment practices related to hiring, training, promotion and termination of past, present and future employees which discriminate against persons over forty as a class particularly with respect to the implementation of a reduction in salaried work force.” Plaintiff qualified for class membership as per the guidelines established by the United States District Court for the District of New Jersey.
The District Court decertified the class, finding that there were significant disparate employment situations among the various class members. After an appeal of the order of decertification, the Court of Appeals, Third Circuit, granted a limited mandamus and directed the District Court to reconsider its decertifying decree.
Adhering to the Third Circuit’s direction, the District Court reconsidered its decision to decertify Lusardi and once again the District Court ruled that the class be decertified (122 FRD 463). The notice of decertification to conditional class members, modified in accordance with the court’s writ of mandamus, advised the class members that the "statutes of limitations applicable to [their] federal age discrimination claim against Xerox have been tolled or stayed” for a certain period of time. The notice of decertification, while tolling the Statute of Limitations on claims against Xerox, did not provide that the filing requirements as specified under the ADEA would be either tolled, stayed or waived. "[I]t makes little sense to permit the opt-in class action to be started by a few and later joined by many if individual requirements of exhaustion of remedies can defeat the individual claims of those who opt-in, but have not individually met administrative filing requirements. This could be especially unfair where the time in which claimants must meet filing requirements expires while the court is deciding whether the predominance of a common issue in the claims of class members will realistically prevent or reduce a multiplicity of suits and that individual differences are not so great as to make the action impossibly complex” (Lusardi v Lechner, 855 F2d 1062, 1078, supra).
In the instant action, it is uncontroverted that plaintiff *496 filed his alleged charge of discrimination over IV2 years after the purported discriminatory action date of his discharge. Prior to the EEOC filing, no other notice of claims were filed with any other State and/or Federal agency. While other claimants were in jeopardy of having their filing times expire during the time the court was deciding the issues presented in the class action suit, plaintiffs time to meet filing requirements did not expire while the court was ruling on whether plaintiffs class was proper for certification, plaintiffs time to file had expired before he became part of the class action.
The Lusardi decision tolls only the two-year Statute of Limitations period for commencing an otherwise timely cause of action uiider the ADEA. The court did not intend by its order to revive a claim that was already untimely for failure to comply with the statutory filing requirements.*
August 16,1982 is the date of the alleged act of discrimination based on plaintiffs discharge. Plaintiff filed his charge with the EEOC 548 days after the alleged age discrimination violation. Thus, when plaintiff opted into the Lusardi class action, plaintiff had already failed to commence a timely individual Federal claim under the ADEA.
Plaintiff did not produce any evidence of a delay on defendant’s part that would have hampered plaintiffs ability to file a timely Federal charge. Therefore, based on plaintiff’s failure to timely file a charge with the EEOC concerning his Federal claim, defendant’s motion to dismiss plaintiffs complaint is hereby granted.

 Under the ADEA, plaintiff must file a charge with the EEOC within 300 days of the discriminatory incident before a Federal suit can be commenced. (29 USC § 626 [d] [2].)