■ ROBERT B. WEINTRAUB, Appellant, v PHILLIPS, NIZER, BENJAMIN, KRIM, & BALLON et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on March 16, 1990, which, upon converting defendants' motion to dismiss pursuant to CPLR 3211 (a) (7) into a motion for summary judgment pursuant to CPLR 3211 (c), dismissed, in its entirety, the amended complaint, unanimously affirmed, without costs.

Plaintiff, an attorney and former associate at the law firm of defendant Phillips, Nizer, Benjamin, Krim, & Ballon commenced the underlying action against the law firm, its client Occidental Petroleum Corporation ("Occidental"), and nine individual partners of the law firm for, *inter alia,* wrongful discharge, breach of an employment contract and defamation. Plaintiff was discharged after he and other Phillips, Nizer attorneys were disqualified from appearing before the United States District Court for the Southern District of Texas because of conduct in violation of the Texas disciplinary code.

Plaintiff's first, third, fourth, and sixth through eleventh causes of action, for breach of fiduciary duty, were properly dismissed, since it is well settled in New York that no fiduciary obligation is owed by an employer to an at-will employee *(Murphy v American Home Prods. Corp.,* 58 NY2d 293). A violation of the Code of Professional Responsibility, as alleged by the plaintiff, does not, in itself, give rise to a private cause of action against an attorney or law firm *(Drago v Buonagurio,* 46 NY2d 778).

Similarly, plaintiff's fifth cause of action for breach of contract was properly dismissed, since plaintiff's employment at the law firm was a hiring at-will which may be terminated at any time by either party for any or no reason *(Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp., supra).* Further, the record reveals that the law firm's written policy did not, in any way, limit the employer's otherwise absolute right to terminate plaintiff's at-will employment *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).

Plaintiff's fifteenth cause of action for defamation is also legally insufficient. No cause of action for defamation exists for the mere discharge of an at-will employee *(Nichols v Item Publishers,* 309 NY 596). Plaintiff has failed to allege or establish publication to a third party *(Indig v Finkelstein,* 23

NY2d 728), nor, as plaintiff concedes, does New York law recognize a claim for defamation where the plaintiff himself voluntarily republishes the alleged defamatory words *(Church of Scientology v Green,* 354 F Supp 800, 804).

Finally, plaintiff has failed to demonstrate that under CPLR 3212 (f) there are salient facts within the knowledge and control of the movants which require pre-trial discovery *(Fuchs v MiCAD Sys.,* 138 AD2d 312). Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.