■ HOWARD L. WIEDER, Appellant-Respondent, v CHEMICAL BANK et al., Respondents-Appellants, and ERNEST D. STEIN et al., Respondents. [608 NYS2d 195] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 17, 1993, which granted defendants' motion to dismiss the first through the sixth causes of action, but denied dismissal of the seventh cause of action, unanimously modified, on the law, only to the extent of also granting defendants' motion to dismiss the seventh cause of action and, as so modified, the order is otherwise affirmed, without costs.

In denying defendants the requested relief with regard to plaintiff's seventh cause of action for conversion which alleges that defendant Rosenblith removed from plaintiff's personal

possessions all of his writing samples prepared during his three year employment with defendant Manufacturers Hanover, the IAS Court found that it was disputed as to whether plaintiff received all his legal writing samples as were allegedly promised to him. However, in order to properly plead such a cause of action it is incumbent upon plaintiff to allege facts establishing that he owned or had a superior right to the materials in question, that he demanded their return, and that Manufacturers Hanover or Mr. Rosenblith refused to deliver them.

In his verified complaint and his affidavits in opposition to defendants' motion to dismiss, plaintiff fails to meet this burden. First, there is nothing to indicate he has any ownership interest in the materials in question. In fact, the contrary is clearly evident from the bank's employee handbook, which although not a contract binding upon the parties, nevertheless states the obvious; i.e., "The Corporation is the rightful owner of discoveries, inventions, computer programs, *writings and other work products* that you develop in connection with your job." (Emphasis added.) Despite plaintiff's claim that defendants rely selectively on such handbook and that in the history of the bank he is the only lawyer who was deprived of his writing samples, it is axiomatic that materials or products developed by an employee in the course of his or her employment, absent any agreement to the contrary, belong to his or her employer (*cf., Veeco Instruments v Candido,* 70 Misc 2d 333, 334 [action by employer for conversion by a former employee who, when discharged, took important programs with him]). Whether or not Manufacturers had a policy of permitting its departing employees to take copies of their work product to use as writing samples in seeking other employment, such policy can only be considered professional courtesy on the part of the bank and cannot be deemed to be in derogation of its ownership rights in such materials. Moreover, even assuming arguendo an ownership or possessory interest on the part of plaintiff, there is no allegation that the bank or Mr. Rosenblith refused any demand for their return. Indeed, the contrary is evident from the undisputed delivery of approximately 1700 pounds of documents shipped to plaintiff after his discharge. Moreover, his belated claim in his reply affidavit, that absent from such delivery were any copies of appellate briefs and trial memoranda prepared by him while at the bank, fails to establish the necessary demand and refusal.

Regarding plaintiff's first cause of action for defamation

which is predicated solely upon his request that this Court recognize the tort of defamation by "compelled self-publication" (i.e., a discharged employee may sue for defamation even if an employer made the defamatory statement to no one other than the employee if the employer knows, or should know, of circumstances where the employee is later put in a position in which he or she has no reasonable means of avoiding publication of the statement and must repeat such statement; usually when seeking new employment; *see, Lewis v Equitable Life Assur. Socy.,* 389 NW2d 876 [Minn 1986]; *see also,* Reibstein, *Employee Defamation: A New Theory,* NYLJ, Dec. 27, 1989, at 1, col 1), this Court has previously rejected a similar argument in *Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon* (172 AD2d 254, 255).

We have considered plaintiff's other points and find them to be without merit. Concur—Carro, J. P., Kupferman, Rubin and Nardelli, JJ.