■ EUGENE J. WEIR, JR., Respondent, v EQUIFAX SERVICES, INC., et al., Appellants. [620 NYS2d 675] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Plaintiff was employed by defendant Polish Union of America (Polish Union) for a period of nine months, until June 1989. In 1991 plaintiff applied for employment with Royal Neighbors of America (Royal Neighbors), which engaged defendant Equifax Services, Inc. (Equifax), a retail credit investigative reporting company, to conduct a background check on plaintiff's employment and credit history. The confidential report submitted by Equifax included information provided by the National Secretary of the Polish Union as well as other employment and credit information. With respect to plaintiff's Polish Union employment, the confidential report stated that plaintiff was employed in the sale of life, health and disability insurance; that plaintiff left Polish Union owing it about $6,000; that there had been numerous charge backs against his accounts because policies were cancelled shortly after commissions had been paid; that plaintiff had falsified records on applications for insurance policies on his own family and himself; and that there is litigation pending between plaintiff and Polish Union. The report also included information obtained directly from plain-

tiff that he had brought a lawsuit against Polish Union for breach of contract. Royal Neighbors did not employ plaintiff, "based in part on [the] information contained in [the Equifax] report."

Plaintiff commenced this action for defamation against Polish Union and Equifax, alleging that they had maliciously published false and defamatory statements about him. Thereafter, both defendants moved for summary judgment; Supreme Court denied those motions. We reverse.

It is undisputed that both Polish Union and Equifax are cloaked with a qualified privilege *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56; *De Sapio v Kohlmeyer,* 52 AD2d 780). Therefore, plaintiff had the burden of presenting evidence in admissible form sufficient to raise a triable issue whether the statements were made with malice under either the constitutional or common-law malice standard *(see, Liberman v Gelstein,* 80 NY2d 429; *Shapiro v Health Ins. Plan, supra,* at 60; PJI 3:32 [1993 Supp]).

Common-law malice requires a showing that spite or ill will "was the one and only cause for the publication [citations omitted]" *(Stukuls v State of New York,* 42 NY2d 272, 282; *see, Liberman v Gelstein, supra,* at 439). Constitutional malice requires a showing that the speaker knew that the statement was false or recklessly disregarded whether it was false or not *(New York Times Co. v Sullivan,* 376 US 254, 279-280). To meet the "reckless disregard" test, plaintiff must show that there was a high degree of awareness of the probable falsity of the statements by " 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of [the] publication' " *(Liberman v Gelstein, supra,* at 438, quoting *St. Amant v Thompson,* 390 US 727, 731; *see, Garrison v Louisiana,* 379 US 64, 74).

Plaintiff failed to sustain his burden against Equifax either with respect to common-law or constitutional malice. Although plaintiff alleged in opposing the motion for summary judgment that he had directed Equifax not to contact Polish Union, Equifax had no duty to refrain from doing so. It is the very function of the qualified privilege to protect the conduct of a credit investigative reporting company such as Equifax under those circumstances. Plaintiff failed to raise an issue of fact whether Equifax conveyed the information in its confidential report with spite or ill will, or with serious doubts as to its truth or "with [a] high degree of awareness of their probable falsity" *(Garrison v Louisiana, supra,* at 74; *see, Clark v*

*Somers,* 162 AD2d 982, 983; *Murphy v Herfort,* 140 AD2d 415, 416-417, *lv denied* 73 NY2d 701, *rearg denied* 73 NY2d 872).

Plaintiff also failed to sustain his burden against Polish Union. Plaintiff's response to the motion of Polish Union for summary judgment is a mere denial that he owes Polish Union money and a bare assertion that he never falsified records. That is clearly insufficient to raise a triable issue that Polish Union was motivated solely by spite or ill will, or that its statements were made with the requisite degree of recklessness. Plaintiff has presented no proof to substantiate his contention that he is not indebted to Polish Union and that he never falsified records, nor does he assert that discovery would produce evidence that such statements were made with "[a] high degree of awareness of their probable falsity" *(Garrison v Louisiana, supra,* at 74). Plaintiff's bare denial is insufficient to raise a factual issue whether Polish Union's statements were made with malice *(see, Liberman v Gelstein, supra,* at 439, n 3; *Harris v Alcan Aluminum Corp.,* 91 AD2d 830, *affd* 58 NY2d 1036). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.