■ EXHIBITGROUP/GILTSPUR, INC., Appellant, v SPOON EXHIBIT SERVICES et al. Defendants, and HERBERT L. BESAW, Respondent. [710 NYS2d 218] —Order unanimously reversed on the law with costs, motion denied and second cause of action against defendant Herbert L. Besaw reinstated. Memorandum: Supreme Court erred in granting the motion of Herbert L. Besaw (defendant) for summary judgment dismissing against him the second cause of action seeking monetary and injunctive relief for his alleged breach of a 1997 covenant not to solicit plaintiff's employees. Contrary to the court's determination, the 1997 employment agreement containing that covenant was not superseded by a 1998 settlement agreement between plaintiff and defendant. The settlement agreement is a general release and covenant not to sue. The release runs only from defendant to plaintiff and releases only those claims belonging to defendant that arose or might arise out of the termination of defendant's employment. Nothing in the agreement indicates that plaintiff was releasing any right it might have to enforce defendant's obligations to plaintiff. In particular, nothing indicates an intention by plaintiff to surrender its valuable contract right to sue defendant for his solicitation of plaintiff's employees. Defendant's reliance on paragraph 13 of the settlement agreement is misplaced. That paragraph provides that "[t]his agreement contains the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings pertaining to the subject matter hereof." The "prior agreements or understandings" referred to in the merger clause are only those "prior agreements or understandings" that a party would be precluded from proving by operation of the parol evidence rule (see generally, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162; Marine Midland Bank-Southern v Thurlow, 53 NY2d 381, 387), i.e., only those agreements, promises or understandings that were part of the negotiations directly leading to the written settlement agreement. The nonsolicitation obligation, which is set forth in a separate prior integrated writing and which thus would be independently provable notwithstanding the parol evidence rule, was not one of those merged prior agreements or understandings. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.