OPINION OF THE COURT
Victor M. Ort, J.
This is an action by a debtor against a former creditor for issuance of a negative credit report. Plaintiff asserts claims for breach of contract, negligence, and violation of the Fair Debt Collection Practices Act. Defendant General Motors Acceptance Corporation is moving for summary judgment dismissing the complaint.
In February 1987 plaintiff Aubrey Holder purchased a 1987 Buick LeSabre automobile from defendant Garden Buick, AMC *299 Corp., a Buick dealer. The vehicle was purchased pursuant to a retail installment contract which Garden Buick assigned to defendant General Motors Acceptance Corporation (GMAC). In April 1992 plaintiff commenced an action against General Motors Corporation, GMAC, and Garden Buick in the District Court of Nassau County alleging breach of warranty and various defects in the vehicle. In October 1992 the District Court action was settled. According to the terms of the settlement agreement, General Motors paid plaintiff $5,000 and relieved plaintiff from paying $1,337.48 which was outstanding on the retail installment contract. The settlement was memorialized by a letter to plaintiff from a member of General Motors’ legal staff as well as a release agreement which was executed by plaintiff.
The present action was commenced on March 20, 1997. Plaintiff alleges that in May 1992 defendants reported to credit agencies that plaintiff’s account was closed and that the sum of $1,337 had been charged off as a bad debt. Plaintiff further alleges that as a result of the negative report, he was denied credit when he attempted to purchase another vehicle. Plaintiffs credit history report, which he has submitted as exhibit B to his affirmation in opposition, suggests that the denial of credit occurred sometime between May and August of 1996. Plaintiffs theories are that defendants breached the terms of the settlement agreement by issuing the negative report and were negligent in failing to rectify it. Plaintiff also claims that defendants violated the Fair Debt Collection Practices Act (15 USC § 1692 et seq.). Plaintiff seeks damages in the amount of $150,000 from defendant GMAC.*
A “settlement” is an adjustment between persons concerning their dealings or difficulties. (See Black’s Law Dictionary [6th ed].) Thus, the settlement of the District Court action constituted an agreement between the parties adjusting their differences concerning the plaintiffs purchase of the defective automobile. While a settlement agreement compromises a dispute, it does not confer affirmative obligations upon either party to the agreement. (See Exhibitgroup/Giltspur, Inc. v Spoon Exhibit Servs., 273 AD2d 874 [4th Dept 2000].) Plaintiff points to no language in the documents comprising the settlement agreement which may be construed as an express or implied promise on General Motors’ part to issue, or refrain from issuing, any particular type of credit report. More *300 over, the fact that the release agreement runs in favor of defendant militates against any claim that plaintiff derived any contractual rights from the settlement, other than discharge of the outstanding indebtedness and the right to receive the cash payment. While an obligation of good faith and fair dealing may be implied on the part of a party to a contract, it will not be implied where it is inconsistent with other terms of the contractual relationship. (Murphy v American Home Prods. Corp., 58 NY2d 293, 304 [1983].) The parties in this case formerly stood in the relationship of debtor and creditor, and GMAC as a former creditor was entitled to communicate credit information concerning plaintiff to other parties with a legitimate interest in plaintiff’s creditworthiness. (Weir v Equifax Servs., 210 AD2d 944 [4th Dept 1994].) Thus, the court cannot infer that GMAC was under a good-faith obligation to issue a favorable credit report concerning the plaintiff. Accordingly, defendant’s motion for summary judgment is granted as to the first cause of action sounding in breach of contract.
A duty of reasonable care owed by the tortfeasor to the injured party is elemental to any recovery in negligence. (Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579 [1994].) The existence and scope of an alleged tortfeasor’s duty is ordinarily a question of law for the court to determine with proper regard to the relationship between the parties and the policy issues involved. (Id. at 585.) Based on the nature of the previous relationship between plaintiff and defendant, the court concludes that defendant was not under a duty of reasonable care with regard to the dissemination or correction of credit information concerning plaintiff. As a former creditor of the plaintiff, defendant GMAC possessed a qualified privilege to communicate credit information concerning plaintiff to parties who had a common interest in the information, such as credit agencies. (Liberman v Gelstein, 80 NY2d 429, 437 [1992].) The fact that defendant shared an interest in communicating financial information with other parties who had a legitimate interest in plaintiff’s creditworthiness establishes that defendant was under no duty to plaintiff. Accordingly, defendant’s motion for summary judgment is also granted as to plaintiff’s negligence claim.
The court now turns to plaintiff’s claim under the Fair Debt Collection Practices Act. The purpose of the Act is to eliminate abusive debt collection practices by debt collectors. (15 USC § 1692e.) Section 1692e provides that a debt collector may not use any false, deceptive, or misleading representation *301 or means in connection with the collection of any debt. In particular, the section provides in subdivision (8) that communicating or threatening to communicate to any person credit information which is known or which should be known to be false is a violation of the section. Section 1692k, entitled civil liability, provides that any debt collector who fails to comply with any provision of the Act is liable in an amount equal to the sum of the actual damage sustained plus such additional damages as the court may allow, not exceeding $1,000. (15 USC § 1692k [a].) In determining the amount of liability, the court shall consider, among other relevant factors, the frequency and persistence of noncompliance, the nature of the noncompliance, and the extent to which such noncompliance was intentional. (15 USC § 1692k [b].) Section 1692k (d) provides that an action to enforce any liability created by the Act may be brought in an appropriate United States District Court or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.
Plaintiff asserts that defendant falsely reported to credit agencies that plaintiff’s account had been closed and that the $1,337 balance had been written off as a bad debt. The court concludes that there is a triable issue of fact as to whether defendant GMAC knew or should have known that the credit information was false. Accordingly, plaintiff has stated a claim for violation of the Fair Debt Collection Practices Act.
However, the unfavorable credit report was issued in May 1992, and the action was not commenced until March 1997. Thus, defendant asserts that the claim is barred under the one-year statute of limitations provided by section 1692k (d). Nevertheless, plaintiff argues that he brought the lawsuit as soon as it “became evident” that GMAC had issued an unfavorable credit report. As noted, it appears that plaintiff was denied credit based on the unfavorable report no earlier than May 1996. If the statute of limitations provided by section 1692k (d) contains a discovery rule, plaintiff’s claim under the Fair Debt Collection Practices Act would be timely.
Pursuant to the Supremacy Clause, a state court must apply the statute of limitations provided by federal law when enforcing a federal claim. (Benedict v Xerox Corp., 144 Misc 2d 490 [Sup Ct 1989].) Federal law governs not only the question of which statute of limitations to apply, but also the question of when the claim accrues and the statute of limitations begins to run. (Pauk v Board of Trustees, 654 F2d 856 [2d Cir 1981].) Under federal common law, a discovery rule is read into *302 statutes of limitations governing federal claims in the absence of a contrary directive from Congress. (Cada v Baxter Healthcare Corp., 920 F2d 446, 450 [7th Cir 1990].) The most common type of action in which federal courts apply a discovery rule is where Congress did not provide a statute of limitations at all, so that the federal court is required to engraft a discovery rule onto the most appropriate state statute of limitations. (See, e.g. Dixon v Anderson, 928 F2d 212 [6th Cir 1991] [civil rights]; Northern Cal. Retail Clerks Unions & Food Empls. Joint Pension Trust Fund v Jumbo Mkts., 906 F2d 1371 [9th Cir 1990] [ERISA]; Jensen v Snellings, 841 F2d 600 [5th Cir 1988] [securities fraud].) If Congress provided a statute of limitations, but was silent as to when the claim accrues, federal courts will also apply a discovery rule. (Cada v Baxter Healthcare Corp., 920 F2d 446 [7th Cir 1990] [age discrimination].) According to the federal discovery rule, the date on which the cause of action accrues is postponed from the date when the plaintiff is wronged until the time when he discovers or has reason to know that he has been injured. (Corn v City of Lauderdale Lakes, 904 F2d 585 [11th Cir 1990].)
The parties have not cited, and this court has not found, any case dealing with the precise issue of whether the discovery rule should be read into the one-year statute of limitations provided by the Fair Debt Collection Practices Act. However, the court notes that section 1692k (d) expressly states that the action must be brought within one year “from the date on which the violation occurs.” The court interprets this language as a clear directive from Congress that courts are not to engraft a discovery rule onto the statute of limitations provided by the Act. Thus, the court concludes that plaintiffs claim under the Fair Debt Collection Practices Act is untimely. Accordingly, defendant GMAC’s motion for summary judgment dismissing the complaint is granted in all respects.

 The action has been discontinued as to the other two defendants.