Sibley v Meridian Wildlife Servs., LLC (2025 NY Slip Op 00011)

Sibley v Meridian Wildlife Servs., LLC

2025 NY Slip Op 00011

Decided on January 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 2, 2025

CV-24-0779
[*1]Montgomery Blair Sibley, Appellant,
v
Meridian Wildlife Services, LLC, Doing Business as Meridian Bird Removal, LLC, Respondent.

Calendar Date:November 12, 2024

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Montgomery Blair Sibley, Odessa, appellant pro se.
Jackson Lewis PC, Albany (Kristi Rich Winters of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Christopher P. Baker, J.), entered April 11, 2024 in Schuyler County, which granted defendant's motion to dismiss the complaint.
In August 2023, plaintiff, a part-time bird removal technician, was terminated from his employment with defendant "due to [a] violation of company policies and process." Plaintiff, self-represented, commenced this action alleging that defendant's ground for termination was false and constituted defamation per se, and that it was foreseeable that plaintiff would be compelled to republish the false and defamatory statement when seeking new employment. Defendant moved pre-answer to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action on the ground that New York does not recognize a cause of action for defamation by compelled self-publication. In opposition, plaintiff conceded that point, but further contended that he stated a valid claim for defamation per se. Supreme Court granted defendant's motion and dismissed the complaint. Plaintiff appeals.
We affirm. It has been well established that a cause of action for "defamation requires proof that the defendant made a false statement, published that statement to a third party without privilege, with fault measured by at least a negligence standard, and the statement caused special damages or constituted defamation per se" (Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 221 AD3d 1324, 1332 [3d Dept 2023] [internal quotation marks and citations omitted]). In addition to the heightened pleading requirements for defamation actions under CPLR 3016 (a), the complaint "must also contain the time, place and manner of the allegedly false statements and specify to whom such statements were made" (Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1570 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]). Notably, the publication requirement is not satisfied where a plaintiff voluntarily publishes the alleged defamatory words to a third party (see Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon, 172 AD2d 254, 254-255 [1st Dept 1991]; see also Fedrizzi v Washingtonville Cent. School Dist., 204 AD2d 267, 268 [2d Dept 1994]).
Here, plaintiff failed to allege publication to a third party by defendant. Rather, plaintiff urges this Court to recognize the cause of action for defamation by compelled self-publication, particularly in a former employee-employer context, to operate as an exception to the publication requirement. We decline this invitation. Although the Court of Appeals has not specifically addressed the validity of a cause of action for defamation by compelled self-publication, it has long placed great emphasis on the act of publication by a defendant to a third party (see generally Weidman v Ketcham, 278 NY 129, 131-134 [1938]), which remains a crucial part of the calculus in evaluating a claim for defamation (see Firth v State, 98 [*2]NY2d 365, 369 [2002]; see generally Gottwald v Sebert, 40 NY3d 240, 270 [2023, Rivera, J., dissenting in part]). Specifically relating to the "republication" of a defamatory statement, which is an inherent component of a compelled self-publication claim, the Court of Appeals has continued to resist broadly expanding what satisfies the publication element — even where a republication by a third party was reasonably foreseeable (see Geraci v Probst, 15 NY3d 336, 344 [2010]; see also Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d 281, 290-291 [2011] [finding no liability against a website owner who reposted defamatory comments made by third party users to a new webpage with new headings and an illustration]; Firth v State, 98 NY2d at 371-372 [finding that unrelated website updates did not constitute republication of a defamatory statement contained elsewhere on the website]; Rinaldi v Viking Penguin, 52 NY2d 422, 435 [1981] [finding that book authors were not liable for the republication of allegedly defamatory statements contained in their hardcover book when the publisher issued a softcover issue a year later because the authors "had no knowledge of and played no role in" the republication, even though they could have reasonably foreseen such reissuance because it was expressly provided for in their publication contracts]). Thus, adopting a cause of action for defamation by compelled self-publication would seemingly strike against the manner in which the Court of Appeals has been evaluating republication claims.
Moreover, both the First and Second Departments have had opportunities to recognize defamation by compelled self-publication, both have declined to do so and the Court of Appeals has denied leave each time (see Phillip v Sterling Home Care, Inc., 103 AD3d 786, 787 [2d Dept 2013], lv denied 21 NY3d 854 [2013]; Wieder v Chemical Bank, 202 AD2d 168, 169-170 [1st Dept 1994], lv denied 83 NY2d 759 [1994]). This is also consistent with other jurisdictions around the country, with the significant majority of states not recognizing such a cause of action. When further considering several policy considerations arising within the employment context, including the qualified privilege that attaches to certain statements by employers relating to their prior or current employees recognized by all four departments (see DiCoby v Syracuse Univ., 191 AD3d 425, 427 [1st Dept 2021], lv denied 37 NY3d 903 [2021]; Serratore v American Port Servs., 293 AD2d 464, 465-466 [2d Dept 2002]; Lambert v General Elec. Co., 244 AD2d 841, 842 [3d Dept 1997]; Weir v Equifax Servs., Inc., 210 AD2d 944, 945 [4th Dept 1994]), which would be inconsistent with the adoption of a cause of action for defamation by compelled self-publication, we decline to do so. Accordingly, Supreme Court properly granted defendant's motion to dismiss the complaint.
Garry, P.J., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.