Kraemer v Edelstein

2026 NY Slip Op 02155

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Thomas D. Kraemer, Plaintiff-Appellant,

v

Florence Edelstein et al., Defendants-Respondents.

Decided and Entered: April 09, 2026

Index No. 153243/24|Appeal No. 6318|Case No. 2025-01771|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Thomas Kraemer, appellant pro se.

Barclay Damon LLP, Syracuse (Nicole Mastrocinque of counsel), for Florence Edelstein, Michael Edelstein and Majestic Realty Corporation, respondents.

Furman Kornfeld & Brennan LLP, New York (Alec B. Neimand of counsel), for Christopher Duval, respondent.

Marshall Dennehey, P.C., New York (Michael G. Jacobson of counsel), for Lisa Spitale, respondent.

Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for The City of New York, respondent.

[*1]

Order, Supreme Court, New York County (Ariel Chesler, J.), entered on or about February 25, 2025, which, to the extent appealable, granted defendants' respective motions under CPLR 3211 to dismiss the complaint in its entirety and to enjoin plaintiff from filing any new actions against defendants or their counsel absent leave of court, denied plaintiff's cross-motion under CPLR 3212 for summary judgment on his claims against defendant Christopher Duval, denied plaintiff's motion under CPLR 3215 for default judgments against defendants Lisa Spitale, the City of New York, Florence Edelstein, Michael Edelstein, and Majestic Realty Corporation, and denied plaintiff's motion to compel discovery against the City, unanimously affirmed, without costs.

Supreme Court properly dismissed the complaint in its entirety based on plaintiff's commencement of numerous prior actions against these defendants and others. The allegations here are identical to those raised in a 2019 action commenced by plaintiff in the U.S. District Court for the Southern District of New York, which was dismissed by order entered April 24, 2020 as time-barred, barred by res judicata, and factually frivolous (Kraemer v City of New York, 2020 WL 1974204, 2020 US Dist LEXIS 73041 [SD NY April 24, 2020, No. 19-CV-6671 (VEC)]). The same result was proper here (see e.g. O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).

The court properly determined that even if the complaint was not barred by res judicata, all the claims were untimely under the relevant statutes of limitations. The claim for fraud on the court against defendants Florence Edelstein and Michael Edelstein as principals of defendant Majestic Realty Corporation, plaintiff's former landlord, and Majestic's counsel, defendant Christopher Duval, arising from these defendants' alleged conduct in the 2014 nonpayment proceeding resulting in plaintiff's 2015 eviction, falls outside the six-year limitations period for fraud under CPLR 213(8). Although plaintiff asserts that the claim for subornation of perjury against Duval has no statute of limitations, in civil actions, if a statute of limitations is not set forth under CPLR 213(1), then the six-year statute of limitations applies, rendering all the claims arising from plaintiff's 2015 eviction time-barred.

Additionally, even if the action were not untimely or barred by res judicata, the allegations failed to state a claim against these defendants because no private right of action arises from the alleged violation of the criminal statutes and ethical rules on which plaintiff relies (see e.g. Sheehy v Big Flats Community Day, 73 NY2d 629, 636 [1989]; see also Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon, 172 AD2d 254, 254 [1st Dept 1991]).

[*2]

Turning to the claims for subornation of perjury and kidnapping against defendant Lisa Spitale, the court properly determined that even if the claims were not barred by res judicata or untimely, the court lacked personal jurisdiction over Spitale, a Pennsylvania lawyer appointed in 2011 by a Pennsylvania court as the limited permanent guardian of plaintiff's adult daughter, a Pennsylvania resident. On appeal, plaintiff relies solely on CPLR 302(a)(3) as a basis for jurisdiction, baselessly asserting that Spitale used interstate commerce to extort him. Plaintiff's reliance on CPLR 302(a)(3) is particularly inapt because the situs of the alleged injury is Pennsylvania, and plaintiff failed to meet his burden to submit any evidence that Spitale "regularly . . . solicits business" in the state or "derives substantial revenue from interstate or international commerce" for jurisdiction to be proper under this provision (CPLR 302[a][3][i] and [ii]).

The court properly determined that plaintiff's failure to file a notice of claim in advance of commencing this action was fatal to his claims against the City of New York (General Municipal Law § 50-e[1][a]). Although plaintiff asserts that no notice of claim was required because the causes of action do not sound in tort, civil claims for forgery, theft, destruction of records, and assault are tort claims for which a notice of claim is required (see e.g. Davidson v Bronx Mun. Hosp., 64 NY2d 59, 62 [1984]). Additionally, even if a notice of claim had been filed, these claims relate to conduct going back to 2013, rendering the claims untimely under General Municipal Law § 50-i's one year and ninety-day statute of limitations.

Furthermore, the court providently granted those branches of defendants' motion seeking to enjoin plaintiff from filing further actions against defendants or their counsel without leave of court. While a pro se plaintiff is afforded some leeway, he "acquires no greater right than any other litigant" (Bloom v Hilpert, 222 AD3d 574, 575 [1st Dept 2023]). Plaintiff's allegations have been rejected as frivolous on at least two previous occasions, at needless expense to these parties, wasting judicial resources (see Kraemer, 2020 WL 1974204, *1, quoting Kraemer v Edelstein,2017 US Dist LEXIS 153504 [SD NY Sept. 19, 2017, No. 17-CV-2910 (CM)]). Since this action was properly dismissed in its entirety, plaintiff's additional requests for relief were rendered moot, and plaintiff was providently precluded from filing further actions absent leave of court.

We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026